UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cr-20258-BLOOM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

DEVON MAURICE GRAY,

      Defendant.

_____/

**ORDER ON APPEAL FROM THE MAGISTRATE COURT'S ORDER DENYING THE
GOVERNMENT'S MOTION FOR PRE-TRIAL DETENTION**

**THIS CAUSE** is before Court upon the Government's Appeal from the Magistrate Court's Order Denying the Government's Motion for Pre-Trial Detention, ECF No. [10] ("Appeal"). Defendant Devon Maurice Gray ("Defendant" or "Gray") filed a Response, ECF No. [13]. The Court held an evidentiary hearing on the Appeal on September 8, 2022. *See* ECF No. [20]. The Court has carefully considered the Appeal, the Response, the record in this case including the evidence introduced at the hearing, the applicable law, and is otherwise fully advised. For the reasons that follow, the Court reverses Magistrate Judge McAliley's Order denying the Government's Motion for Pre-Trial Detention.

**I.      BACKGROUND**

On June 15, 2022, Gray was charged by a grand jury with one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). *See* ECF No. [3]. On July 5, 2022, Gray appeared for arraignment and a detention hearing before United States Magistrate Judge Chris M. McAliley. *See* ECF No. [11] ("Detention Order"). Defendant entered a plea of not guilty, and at the detention hearing, the Government requested that Defendant be held

in custody pending trial. The Government argued that Defendant is both a flight risk and a danger to the community. At the conclusion of the detention hearing, Magistrate Judge McAliley denied the Government's request, finding that the Government had not carried its burden of proof with respect to risk of flight or danger to the community. As a result, Magistrate Judge McAliley ordered that Defendant be released on a $7,500/10% bond and a $150,000 personal surety bond to be co-signed by his mother, Tammy Morgan, or his partner, Jennifer Jasmin. *Id*. Magistrate Judge McAliley also imposed additional conditions, including surrender of travel documents, a firearm restriction, an employment requirement, a 7:00 p.m. to 7:00 a.m. curfew, and electronic monitoring. *Id*.

Magistrate Judge McAliley stayed Defendant's release pending this Court's ruling in light of the Government's announced intention to appeal the Detention Order. *See* ECF Nos. [11]; [15] at 73.

The Government now challenges Magistrate Judge McAliley's Detention Order, arguing that it met its burden of proving that Defendant is both a risk of flight and a danger to the community. As a result, the Government requests that the Court order the Defendant be held in pre-trial detention pursuant to 18 U.S.C. § 3142(f)(1).

The Court held an evidentiary hearing on September 8, 2022, directing the Government to specifically address Defendant's 2017 conviction for aggravated battery on a pregnant person and the violations of probation related to that offense. *See* ECF No. [19]. In addition, the Court inquired about Defendant's two arrests for battery in 2020 and 2021, about which Judge McAliley expressed concern at the detention hearing. Judge McAliley did not accord any weight to those arrests as neither the Government nor Defendant provided any details with respect to those arrests. ECF No. [51] at 51-53. At the evidentiary hearing, the Government introduced eight (8) exhibits,

including two Complaints/Arrest Affidavits concerning the 2020 and 2021 incidents of battery as to which Judge McAliley expressed concern. *See* ECF Nos. [24-6], [24-8].

## II.     LEGAL STANDARD

The Eleventh Circuit has determined that in reviewing an appeal of a magistrate judge's detention order, the district court must undertake a *de novo* review of the factual posture of the case. *United States v. King*, 849 F.2d 485, 489 (11th Cir. 1988) (citing *United States v. Hurtado*, 779 F.2d 1467, 1480 (11th Cir. 1985)). Purely factual findings are reviewed for clear error. *United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir. 1987).

In *King*, the Eleventh Circuit further explained that the district court has two options when reviewing the magistrate's judge's pretrial detention order. 849 F.2d at 490. First, "on a careful review of the pleadings and the evidence developed at the magistrate's detention hearing, the district court may determine that the magistrate's factual findings are supported and that the magistrate's legal conclusions are correct." *Id.* The court may then explicitly adopt the magistrate's pretrial detention order, which would obviate the need for the district court to prepare its own written findings of fact and statement of reasons supporting pretrial detention. *See id.* Alternatively, after reviewing the motion, if the district court "determines that additional evidence is necessary or that factual issues remain unresolved, the court may conduct an evidentiary hearing for these purposes." *Id.* In this instance, the district court must enter written factual findings and written reasons supporting its decision. *See id.* If the district court concludes that the additional evidence does not affect the validity of the magistrate's findings and conclusions, "the court may state the reasons therefor and then explicitly adopt the magistrate's pretrial detention order." *Id.* at 490-91. "While the district court is always free to enter its own findings in writing and a written statement of reasons supporting pretrial detention, we hold that this is necessary only where: 1)

the district court considers evidence which was *not* considered by the magistrate; or 2) the district court adopts the magistrate's recommendation that pretrial detention is necessary but finds that certain of the magistrate's underlying conclusions or factual findings are incorrect or unsupported by the evidence." *Id*. at 491.

### III.   DISCUSSION

Pursuant to 18 U.S.C. § 3142(g), in determining whether there are conditions of release that will reasonably assure the appearance of a person as required and the safety of any other person and the community, the court must consider the following factors: "(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . . ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." The history and characteristics of the person include, "(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law." 18 U.S.C. § 3142(g)(3). The Government must prove risk of flight by a preponderance of the evidence and danger to the community by clear and convincing evidence. *See United States v. Quartermaine*, 913 F.2d 910, 915 (11th Cir. 1990). As such, the Government must prove that there is no condition, or combination of conditions of release, that would reasonably assure Defendant's appearance as

required, or safety of any other person and the community. *See Quartermaine*, 913 F.2d at 915; *King*, 849 F.2d at 489. The Government seeks pretrial detention, contending that Defendant is both a flight risk and a danger to the community. The Government need only prove either flight risk or danger to the community to justify pre-trial detention. *King*, 849 F.2d at 488. "The rules concerning admissibility of evidence in criminal trials do not apply to detention hearings, and the parties may proceed solely by proffer." *United States v. Kachkar*, 701 F. App'x 744, 746 (11th Cir. 2017) (citing 18 U.S.C. § 3142(g) and *United States v. Gaviria*, 828 F.2d 667, 669 (11th Cir. 1987)) (cleaned up).

### A. Danger to the Community

#### i. Nature and Circumstances of the Offenses Charged - 18 U.S.C. § 3142(g)(1)

First, the Court considers the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device. *See* 18 U.S.C. § 3142(g)(1). Defendant is charged by Indictment with possession of a firearm and ammunition by a convicted felon. *See* ECF No. [3]. The Government argues that this factor weighs in favor of pre-trial detention because Defendant was found driving the wrong way down a major road at 3:00 a.m. with a loaded handgun, which he proceeded to throw onto a public sidewalk once he was stopped by law enforcement. The Government also argues that it would be reasonable to assume the Defendant has taken the gun into his house with his girlfriend and three children.

Defendant responds that there are no allegations involving the discharge, brandishing or other use of a firearm, and that the circumstances do not support a finding that Defendant is a danger to the community.

As a preliminary matter, it is apparent that the offense charged involves a firearm. ECF No.

[3]. Defendant argues that even so, he has not been charged with a violent crime. However, the nature of the charged offense, which involves a loaded firearm, is sufficient to support a finding that Defendant poses a danger to the community. As such, after a review of the record and the evidence developed at the detention hearing, the Court finds that this factor weighs in favor of pre-trial detention.

### ii.  Weight of the Evidence - 18 U.S.C. § 3142(g)(2)

Second, the Court considers the weight of the evidence against Defendant. *See* 18 U.S.C. § 3142(g)(2). The Government argues that the evidence against Defendant is very strong. The Government emphasizes that law enforcement had a valid reason to stop Defendant's vehicle because he was driving the wrong way down the street, and thereafter witnessed Defendant drop a loaded gun out of the window of the car in which he was the only occupant.

Defendant acknowledges that Judge McAliley concluded that the weight of the evidence was strong but points out that she nevertheless denied the Government's request for pre-trial detention. In addition, Defendant submits that the version of events testified to by Task Force Officer Brent Speck at the detention hearing is implausible. However, there is no evidence in the record adduced at either the detention hearing or the September 8th hearing to rebut Officer Speck's version of the events. Therefore, the Court finds, as did Judge McAliley, that the weight of the evidence favors pre-trial detention.

### iii.  History and Characteristics - 18 U.S.C. § 3142(g)(3)

Third, the Court considers the history and characteristics of Defendant. *See* 18 U.S.C. § 3142(g)(3). As noted above, when evaluating the history and characteristics of Defendant, the Court must take into account "(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past

conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law." *Id.*

The Government argues that the history and characteristics of Defendant weigh in favor of detention. With respect to danger to the community, the Government points to Defendant's criminal history, including incidents of domestic violence involving his girlfriend, which Judge McAliley considered, and two additional more recent arrests in 2020 and 2021 for battery involving another woman.

In response, Defendant contends that although he has a criminal history, a significant portion of it occurred when he was much younger. Moreover, the Defendant argues that while Defendant has been arrested eight more times, four of those arrests were for misdemeanor offenses or driving with a suspended license, four did not result in any conviction, and none involved firearms or any other weapon. Defendant asserts that although his history related to domestic violence is more recent, it does not weigh in favor of pre-trial detention. Defendant urges the Court not to rely on the 2020 and 2021 battery arrests, which resulted in no action, and which Judge McAliley declined to rely on because the cases were not pursued, and there was no information on them at the detention hearing.

At the September 8th hearing, the Government introduced the two Complaints/Arrest Affidavits concerning the 2020 and 2021 incidents of battery as to which Judge McAliley expressed concern. *See* ECF Nos. [24-6], [24-8]. Defendant objected to the Arrest Affidavits, arguing that the statements within them are unreliable, given that both were ultimately no-actioned by the state. Defendant points to *Shepard v. United States*, in which the Supreme Court held that

a sentencing court may not look to police reports or complaint applications in applying a sentencing enhancement under the Armed Career Criminal Act. 544 U.S. 13, 23 (2005). But the Court is not convinced that the reasoning in *Shepard* applies here, and Defendant fails to point to a case that precludes the Court from considering the Arrest Affidavits in determining whether pretrial detention is warranted. Indeed, "[t]he rules concerning admissibility of evidence in criminal trials do not apply to detention hearings, and the parties may proceed solely by proffer." *United States v. Kachkar*, 701 F. App'x 744, 746 (11th Cir. 2017) (citing 18 U.S.C. § 3142(g) and *United States v. Gaviria*, 828 F.2d 667, 669 (11th Cir. 1987)) (cleaned up).

Defendant has a significant criminal history. While Judge McAliley concluded that his older encounters with law enforcement are less instructive than his conduct in more recent years, the Court takes Defendant's entire history into account in making the determination of whether he is a danger to the community. Indeed, as Judge McAliley correctly noted, Defendant has "a history of a problem with anger, of violent conduct, and of not good self-control." ECF No. [15] at 60. Upon consideration of the record, the Court is particularly concerned that two months after initially battering his girlfriend while she was pregnant, Defendant again battered her before he was ultimately arrested in June 2017. *See* ECF No. [24-2]. In addition, shortly after completing the term of probation associated with the 2017 battery conviction, Defendant was arrested for battery involving another woman in 2020. ECF No. [24-6]. Defendant was arrested again for battery against that same woman in 2021. ECF No. [24-8]. Even without taking into account the specific facts of each arrest, the record reflects that Defendant was arrested two additional times for essentially the same conduct for which he was convicted for the 2017 battery. While the Court agrees with Judge McAliley's assessment of Defendant's history of anger and violent conduct, the Court disagrees with respect to her conclusion that his history as a whole does not establish by

clear and convincing evidence that he poses a danger to the community.

### iv.  Nature and Seriousness of the Danger - 18 U.S.C. § 3142(g)(4)

Fourth, the Court considers the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release. *See* 18 U.S.C. § 3142(g)(4). The Government argues that Defendant's history of violence and battery demonstrates that he poses a risk to his girlfriend and children, and to the community. Defendant disputes that he poses any such danger, pointing out that he completed the court-imposed intervention program, has undertaken individual therapy, and that his girlfriend is supportive of him. Defendant contended at the detention hearing, and again at the September 8th hearing, that he is a changed man.

Upon review, the Court disagrees. First, as the Court has already noted, Defendant was arrested twice after his battery conviction involving his girlfriend for batteries against another woman. Therefore, notwithstanding his participation in court-imposed programs and voluntary therapy, Defendant still exhibits anger and self-control issues. Second, although the conditions placed on Defendant's bond are substantial, the Detention Order would release Defendant to the home where his girlfriend, the victim of two incidents of battery perpetrated by Defendant, resides. Third, Defendant's offense conduct alleged in this case—driving the wrong way down a street and dropping a loaded firearm on a public sidewalk—demonstrate that Defendant poses a risk of danger to the community at large.

Accordingly, upon review of the relevant factors and the record developed at the detention hearing and the September 8th hearing, the Court finds that the Government has shown by clear and convincing evidence that Defendant would pose a danger to the community if released.

### B.  Risk of Flight

Even if the Court were to conclude that there is insufficient evidence of danger to the

community, the Court would nevertheless conclude that the evidence is sufficient to establish that Defendant poses a risk of flight. The Court considers the same factors with respect to whether Defendant poses a risk of flight.

i.   **Nature and Circumstances of the Offenses Charged - 18 U.S.C. § 3142(g)(1)**

Regarding the nature and circumstances of the offenses charged the Government emphasizes that Defendant was stopped at 3:00 a.m. driving the wrong way down a major street, and when law enforcement approached the car he was driving, he proceeded to drop a loaded handgun outside the car onto the sidewalk. That encounter led to Defendant's arrest, and the current charge of possession of a firearm and ammunition by a convicted felon. While the Court recognizes that the nature of the charged offense is serious, the circumstances of the offense charged do not support a finding that Defendant poses a risk of flight. Indeed, the record reflects that when the police officer put on his emergency lights to stop Defendant's car, Defendant complied. In addition, when the police officer exited his car to approach Defendant's car, Defendant got out of the car, and there is no indication that he resisted the officer or was otherwise uncooperative. ECF No. [15] at 7-8, 27. Accordingly, this factor does not weigh in favor of pretrial detention on the basis of a flight risk.

ii.   **Weight of the Evidence - 18 U.S.C. § 3142(g)(2)**

With respect to the weight of the evidence, the Court agrees with Judge McAliley, and concludes that based on the record, that the evidence against Defendant is strong. The Government noted at the September 8th hearing that the applicable guidelines sentence is between 63 and 78 months, and Defendant argued that the guidelines sentence is 30 to 37 months. Notwithstanding the difference in the parties' estimates of the applicable guidelines, Defendant faces the prospect of a significant incarcerative sentence, to which he has not been subject since his conviction for

aggravated battery in 2017. This factor thus weighs in favor of pretrial detention.

### iii. History and Characteristics - 18 U.S.C. § 3142(g)(3)

With respect to Defendant's history and characteristics related to the Court's assessment of risk of flight, the Government points to Defendant's history of bond and probation violations documented in the Pretrial Services Report. Defendant argues that none of the probation violations involved the failure to attend court hearings, and he has strong ties to South Florida. He has lived in South Florida throughout his life, and South Florida is where his mother, brother, girlfriend and three children, with whom he lives, all reside. Moreover, Defendant has no travel documents and his employment is in South Florida. At the detention hearing, Judge McAliley acknowledged Defendant's failure to follow state court orders while he was on probation, stating that "[a] very big concern I have, sir, is you have not followed orders of the court, state court, when you're on probation . . . the bond is no different. . . . And so I'm telling you, I'm really concerned that you do not have a - - your record is one of not complying with state probation orders." ECF No. [15] at 57. Ultimately, Judge McAliley determined that Defendant's ties to the community outweighed any concern with respect to risk of flight.

However, the Court does not agree with Judge McAliley's conclusion and is particularly concerned regarding Defendant's repeated non-compliance with court orders, reflected in his history of probation violations. The most recent violations relate to Defendant's battery conviction in 2018. Defendant was arrested in June 2017 and sentenced to three years' probation for aggravated battery on a pregnant person, involving the incident of domestic violence on March 21, 2017 against his girlfriend. ECF No. [24-3]. As reflected in the Pretrial Services Report and noted by Judge McAliley, Defendant admitted to a violation of probation with respect to that battery conviction and was placed on one year of community control. Thereafter, Defendant again violated

the terms of his probation, in pertinent part by failing to remain confined to his approved residence, *see* ECF No. [24-5], and was arrested on August 28, 2019, *see* ECF No. [24-4]. His probation was revoked on December 17, 2019. Defendant confirmed that he was subject to electronic monitoring as a condition of community control and violated those conditions. Notably, two of the conditions imposed by Judge McAliley are a curfew and electronic monitoring. *See* ECF No. [11]. Moreover, the record reflects that Defendant has a lengthy history of violating probation and ignoring court orders with respect to other convictions in 2016, 2012, 2007, 2005, and 2004.

On balance, Defendant's repeated failures to comply with court orders support the conclusion that the conditions imposed by Judge McAliley, including a curfew and electronic monitoring, will not reasonably assure the appearance of Defendant in this case. As the record reflects, Defendant was previously subject to similar conditions and failed to comply. Thus, this factor weighs in favor of pretrial detention.

### iv.  Nature and Seriousness of the Danger - 18 U.S.C. § 3142(g)(4)

The Government provided no specific evidence or argument, nor did Judge McAliley make any explicit findings, with respect to this factor as it relates to the Court's determination of the risk of flight. As such, this factor is neutral with respect to the Court's consideration of Defendant's risk of flight.

## IV.    CONCLUSION

Based on a careful review of the record, the evidence developed at the detention hearing and the September 8th hearing, the Court determines that the Government has sufficiently established that there are no conditions of release that will reasonably assure the safety of any other person and the community, or the appearance of Defendant. The Court, therefore, reverses Judge McAliley's Detention Order.

Case No. 22-cr-20258-BLOOM

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  Magistrate Judge McAliley's Order, **ECF No. [11]**, is **REVERSED**.

2.  The Government's Appeal and request therein, **ECF No. [10]**, is **GRANTED**.

3.  Defendant shall remain in custody pending trial.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 21, 2022.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record